```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

T.H. WEISS, INC.,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  13 C 1079
                                 )
NEWLAND NORTH AMERICA FOODS,     )
INC.,                            )
                                 )
          Defendant.             )

## MEMORANDUM ORDER

T.H. Weiss, Inc. ("Weiss") has filed its Complaint for Breach of Contract against Newland North America Foods, Inc. ("Newland"), seeking to recover some $343,000 because of Newland's asserted violation of the Perishable Agricultural Commodities Act ("PACA"). This memorandum order is issued sua sponte to address what appears to be an obvious potential jurisdictional problem.

Complaint ¶1 identifies both facets of Weiss' corporate citizenship as having a New York situs, while Complaint ¶2 identifies Newland as a Canadian corporation with known places of business in Vaudreull, Quebec and Sarasota, Florida. All of the Complaint Exhibits, which comprise a series of customer statements sent by Weiss evidencing the claimed contract delinquency, list Weiss' address as Lawrence, New York and were directed to Newland's Quebec address. Nothing in the Complaint or its exhibits indicates the slightest contact with the state of Illinois--except, that is, for a jurisdictional irrelevancy: the

location of Weiss' lawyers' office.

What Weiss' counsel appear to hang their collective hat on is the venue provision of 28 U.S.C. §1391(c)(3),[1] under which "a defendant not resident in the United States may be sued in any juridical district and the joinder of such a defendant shall be disregarded in determining where the action may be brought, with respect to other defendants." But of course that statutory provision cannot (and is not intended to) override the constitutional constraints that govern the propriety of asserting personal jurisdiction over a defendant.

17 Moore's Federal Practice §111.02[1][b][ii] at 111-21 (3d ed. 2012) begins in this fashion:

> In most circuits, even if venue is technically proper by satisfying the applicable general or special venue statute (see [I], above, venue is considered to be "wrong" if some other procedural obstacle in the original court, such as a lack of personal jurisdiction over the defendant, would prevent the action from proceeding further there.

And Moore's correctly lists the strongly-worded opinion in Cote v. Wadel, 796 F.2d 981, 984-85 (7th Cir. 1986) as placing our Court of Appeals in that "most circuits" category.

Weiss' counsel would do well (1) to read that opinion promptly and, if as this Court suspects there is no real predicate for haling Newland into court here, (2) to consider an

---

[1] Counsel get that citation slightly wrong in the Complaint's paragraph dealing with venue.

immediate voluntary dismissal of this action without prejudice. If the absence of personal jurisdiction over Newland is really clear, as appears to be the case, this Court would not countenance the imposition of a burden on Newland to retain counsel to defend this action here.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 13, 2013